# SHARINN & LIPSHIE, P.C.

ATTORNEYS AT LAW

**"THE OMNI"**
333 EARLE OVINGTON BLVD • SUITE 302 • UNIONDALE, NY 11553
OUTSIDE OF NEW YORK STATE 1-866-691-4467
516-873-6600 • FAX 516-873-6880

May 26, 2011

Honorable William D. Wall
Alphonse M. D'Amato Federal Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re:   Brumby v. Sharinn & Lipshie, P.C.
      CV 10-2308

Honorable Judge Wall,

I represent the Defendant, Sharinn & Lipshie, P.C. in the above referenced matter. Please accept this letter as a Motion to Stay Your Honor's Order dated May 23, 2011. I have previously requested a conference regarding this issue via fax and ECF, but have received no response as of yet.

As stated in previous letters to the Court, dated April 8, 2011 and April 11, 2011, I was unable to comply with discovery because I never received Plaintiff's discovery requests. Subsequently, due to internal computer issues, documented to the Court, I did not receive ECF notice of Plaintiff's Motion to Compel OR Plaintiff's Motion for Sanctions. I understand the Court's position that both motions were unopposed, and therefore it appears that I have "utter disregard for the rules of the court" as stated in Your Honor's Order dated May 23, 2011, but I can assure you this is not true.

As stated in the above referenced letters, I did not receive Plaintiff's Motion to Compel Discovery due to maintenance issues involving a new computer server being installed at Sharinn & Lipshie, P.C. Had I received the ECF notification of said motion, I would have immediately called Plaintiff's counsel and informed him that I never received discovery. I am not stating or implying Plaintiff's counsel did not send discovery requests, but rather I did not receive them. Plaintiff's counsel states, in footnote 1 of his May 11, 2011 Motion for Sanctions, that I admittedly had discovery requests as of April 8, 2011. This is not true. I received a copy of

Your Honor's Order dated April 7, 2011 via ECF, and at that date was unable to access Pacer to read Plaintiff's Motion to Compel, which included discovery demands. The only reason I now have Plaintiff's discovery demands is because I downloaded them from Pacer. I did not receive any response to either letter submitted to the Court, and was awaiting a response before proceeding further.

I was in Chicago at a conference from May 11 to May 15, and can provide the Court proof if necessary. During that time, I had a new computer installed in my office. This was necessary due to ongoing issues with my old computer directly relating to the new computer server installed at Sharinn & Lipshie, P.C. It now appears that when my new computer was installed, all ECF emails were automatically transferred to my "trash/delete" box in my emails because Sharinn & Lipshie's firewall considered them spam email. I had no way of knowing this occurred, or was subsequently fixed on May 19th and 20th, until I received notification via ECF of Your Honor's Order dated May 23, 2011 regarding Plaintiff's Motion for Sanctions. Even after receiving this notification, I was unable to access Pacer, and had to rely on Your Honor's clerk, Tom Talbott, to email me a copy of the order. It was only at this point that I was able to retrieve the ECF notification email stating I needed to re-file my previous letters as a motion. I understand at this point how incredulous this sounds, but I can make available the two individuals that worked on my computer, Michael Cunningham and Dan Arturro, and both can testify as to the ongoing, mind boggling, issues with my computer. Unfortunately, I need to be able to rely on and trust the information provided to me by Sharinn & Lipshie's IT support and all the above detailed occurrences were beyond my control. Until I am convinced that I am receiving all ECF emails, I am now checking Pacer daily, in an effort to avoid any further inactivity on my part.

I would like to take a moment and address Plaintiff's counsel's worry that "my refusal to participate in this litigation may be calculated." Plaintiff's counsel sites four open cases in the Eastern District of New York against Sharinn & Lipshie, but fails to mention the over fifteen other federal cases in all districts that I have been involved in, with no incident. Specifically, Plaintiff's counsel cites:

*Sander v. Sharinn & Lipshie, P.C.*, (EDNY)(SJ)(ALC) 10-cv-3082 : (DE #12), indicating my refusal to participate in discovery. In this case, the attorney tried to contact me during the Christmas holidays, although I previously informed him during a conference that I would be on vacation. Additionally, when I did return his call and email, he was no longer the attorney representing the Plaintiff. Coincidentally, it was during this time that my computer issue began. As you can see, in Exhibit A, the Court conducted four email tests on my behalf because I was not receiving any ECF notices on this case. In addition, Plaintiff requested copies of emails from my client, prior to discovery, and I denied his request stating that I needed formal demands in order to turn over the emails in question. I also actively participated in 2 scheduling orders prior to his letter to the Court.

*Napoli v Sharinn & Lipshie, P.C.* (EDNY)(ADS)(ETB) 10-cv-01566 (DE #8), indicating a joint pretrial order filed solely by Plaintiff. In this case, counsel and I were talking settlement and conferenced with the judge prior.

  *Tursi v. Sharinn & Lipshie, P.C.* (EDNY)(LDW)(AKT) 10-cv-02809 (DE#9), indicating neither party filed discovery status report. In this case, we conference with the Judge and neither party had any discovery requests so the point was moot.

  *Drexler v. Sharinn & Lipshie* (EDNY)(FB)(ALC) 10-cv-2809 (DE#21), indicating a motion for sanctions against Sharinn & Lipshie for failing to comply with court ordered discovery. This may be my favorite example of " everything is not as it seems." In this case, Plaintiff sued an attorney at Sharinn & Lipshie, whose sole involvement in the case was receiving a telephone call from Plaintiff's counsel. When Sharinn & Lipshie was served with the federal complaint, said attorney, Jacques Nazaire, was no longer working at Sharinn & Lipshie because he was called up for active duty in the United States Military. I explained this to opposing counsel and Judge Carter, and Judge Carter asked if I would try to locate him, even though Judge Carter himself stated it was not my responsibility, but rather Plaintiff's. I was unable to locate Mr. Nazaire by the date allotted and informed Plaintiff's counsel. Plaintiff's counsel then proceeded to file a motion for sanctions regarding this one issue. At this point **ALL** discovery had been completed and delivered to Plaintiff's counsel. Judge Carter called for a telephone conference, and a day before the conference, I received a telephone call from Mr. Nazaire stating he was on his way to Afghanistan for a 404 day tour. Judge Carter was satisfied with the information and denied Plaintiff's motion for sanctions.

As you can see, Plaintiff counsel's worries about "my refusal to participate in this litigation may be calculated" are a bit dramatic. Your Honor can ask any judge assigned to the above referenced cases about my practices, and I am sure they would have no issue. I am personally embarrassed that Your Honor feels I do not respect the Court's rules and respectfully request the opportunity to show you this is not true.

I respectfully request that Your Honor stay His Order dated May 23, 2011. I also respectfully request a conference at which time I can provide witnesses attesting to the horrific computer issues that have been plaguing me as evidence that I have not willfully refused to cooperate with discovery. There is absolutely no advantage to me or Sharinn & Lipshie to disregard ECF notifications or blatantly disregard Your Honor's Orders.

Thank you for your consideration and I look forward to your response.

Respectfully,

Amanda J. Moreno

# EXHIBIT A

**1:10-cv-03082-SJ -ALC** Sander v. Sharinn & Lipshie, P.C. et al
Sterling Johnson, Jr, presiding
Andrew L. Carter, Jr, referral
Date filed: 07/01/2010
Date of last filing: 03/18/2011

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
|   | Filed:<br>Entered: | 07/01/2010<br>07/08/2010 | Summons Issued |
|   | Filed:<br>Entered: | 07/01/2010<br>07/08/2010 | Filing Fee Received |
| 1 | Filed:<br>Entered: | 07/01/2010<br>07/08/2010 | Complaint |
| 2 | Filed & Entered: | 07/09/2010 | Scheduling Order |
| 3 | Filed & Entered: | 08/12/2010 | Amended Complaint |
|   | Filed & Entered: | 08/13/2010 | Set/Reset Hearings |
| 4 | Filed & Entered: | 09/15/2010 | Summons Returned Executed |
| 5 | Filed & Entered: | 09/30/2010 | Notice of Appearance |
| 6 | Filed & Entered: | 09/30/2010 | Letter |
|   | Filed & Entered: | 10/04/2010 | Scheduling Order |
| 7 | Filed & Entered: | 10/10/2010 | Answer to Amended Complaint |
|   | Filed & Entered: | 11/04/2010 | Scheduling Order |
| 9 | Filed:<br>Entered: | 11/19/2010<br>11/23/2010 | Pretrial Conference - Initial |
| 10 | Filed:<br>Entered: | 11/22/2010<br>12/01/2010 | Consent to Jurisdiction by US Magistrate Judge |
| 11 | Filed & Entered: | 12/01/2010 | Order Referring Case to Magistrate Judge |
| 12 | Filed & Entered: | 01/07/2011 | Status Report |
|   | Filed & Entered: | 02/25/2011 | Email Test |
|   | Filed & Entered: | 02/28/2011 | Email Test |
|   | Filed & Entered: | 02/28/2011 | Email Test |
|   | Filed & Entered: | 03/09/2011 | Email Test |
| 13 | Filed & Entered: | 03/18/2011 | Notice of Appearance |

**PACER Service Center**
**Transaction Receipt**
05/25/2011 17:57:29